## CIRCUIT COURT OF FAIRFAX COUNTY

Sklopan

v.

Sklopan

March 29, 1989

Case No. (Chancery) 110142

■■■■■■

By JUDGE F. BRUCE BACH

This case is before the Court on the Defendant's Demurrer to the Bill of Complaint, which was argued on March 10, 1989.

The Bill of Complaint alleges that the Plaintiff, the owner of a corporation, transferred some real estate to her son pursuant to an oral agreement. The property was transferred so that the son could establish his own credit rating while the mother used her credit for other purchases. The Bill alleges that the parties shared the ownership of the property after the transfer and that the mother had an equitable interest in half of the property which her son held in trust for her. The Plaintiff asks the Court to declare that the Defendant is holding half of the property in trust and to direct the Defendant to convey her interest to her.

The Defendant's Demurrer presents two arguments. First, the Defendant argues that the oral agreement is barred by the Statute of Frauds. This argument fails because Virginia is one of a minority of jurisdictions that allow trusts in real estate to be created orally. *Sterling v. Blackwelder*, 383 F.2d 668 (4th Cir. 1967). This rule applies both to express trusts, *Young v. Holland*, 117 Va. 433 (1915), and to resulting trusts, *Salyer v. Salyer*, 216 Va. 521 (1975).

The Defendant's second argument is that the oral agreement was merged into the deed, and the Plaintiff is now barred from enforcing it. Although the concept of merger into a deed is well settled, it does not apply to the circumstances here. It would be incongruous for Virginia law to allow the creation of oral trusts in land and then refuse to enforce them because they were not mentioned in the written deeds. Because oral trusts are an exception to the Statute of Frauds, they should also be an exception to the doctrine of merger.

The Defendant's Demurrer is overruled.